UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHELLE THOMAS,

    Plaintiff,                          **JURY TRIAL DEMANDED**

v.

SMKS DINING GROUP, LLC, a Florida limited
liability company d/b/a BEACH PIZZA; PIZZA ON
THE BEACH, INC., a Florida profit corporation; and
NICHOLAS GEORGE LYONS,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MICHELLE THOMAS, ("THOMAS"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, SMKS DINING GROUP, LLC, a Florida limited liability company d/b/a BEACH PIZZA (hereinafter, "BEACH PIZZA"); PIZZA ON THE BEACH, INC. a Florida profit corporation, (hereinafter, "POTB"), and NICHOLAS GEORGE LYONS (hereinafter, "LYONS") and states as follows:

## INTRODUCTION

1. This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"), as well for unpaid minimum wages pursuant to Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the corporate Defendants BEACH PIZZA

and POTB, were enterprises engaged in interstate commerce, respectively. At all times pertinent to this Complaint, these companies, respectively, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants operated two Italian/pizza restaurants in Broward County, Florida. Plaintiff's work, in addition to the work of at least two (2) other employees, involved handling on a regular and recurrent basis, "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. This included food and drink that were regularly handled by the Plaintiff and the other employees and which had been manufactured outside the State of Florida.

4. During the relevant time period, Defendants employed the Plaintiff, as well as at least two other employees, all of whom were "engaged in the production of goods for commerce," or were "handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person, "as defined in 29 U.S.C. §203(s)(1)(A) (i).

5. During the period of the Plaintiff's employment, the Defendants had an annual gross income of sales made or business done of not less than $500,000.00 in accordance with §203(s)(1)(A) (ii).

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

   b. Defendants are and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, THOMAS was a resident of Broward County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, the Defendants were conducting business in both Fort Lauderdale and Lauderdale-by-the-Sea, Broward County, Florida.

11. At all times material hereto, Defendants were the employers of Plaintiff, THOMAS.

12. At all times material hereto, Plaintiff, THOMAS was an "employee" of the Defendants within the meaning of the FLSA, and the Florida Minimum Wage Amendment, Article X, §24 of the Florida Constitution.

13. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, THOMAS her lawfully earned wages in conformance with the FLSA.

14. Defendants committee a willful, malicious and unlawful violation of the FLSA and therefore, are liable for monetary damages.

15. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, THOMAS was directly essential to the business performed by the Defendants.

17. Plaintiff, THOMAS has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about October 7, 2018, Plaintiff, THOMAS was hired by the Defendants as a cashier at the Defendants' restaurants.  Her employment ended about April 2, 2019.

19. The Plaintiff worked for the Defendants approximately 70 hours per week, in numerous weeks.

20. Although the Defendants agreed to pay Plaintiff $10.00 per hour, Plaintiff, THOMAS was paid by the Defendant at an hourly rate below the Florida minimum wage.

21. During the Plaintiff, THOMAS' employment with Defendants, based on the number of hours Plaintiff worked per week, and what she was paid, Defendants failed to pay Plaintiff at or above the minimum wage for numerous hours worked.

22. In addition, Plaintiff, THOMAS also worked in excess of forty hours per week, but was not paid at the rate of time-and-one-half her regular rate of pay.  The Plaintiff should have received $15.00 per overtime hour.

23. Defendants knowingly, maliciously and willfully operated their business with a policy of not paying minimum and overtime wages, respectively, for each and every hour worked by Plaintiff in conformance with applicable law.

24. Defendant, LYON was a supervisor and manager/owner who was involved in the day-to-day operations of BEACH PIZZA and POTB, and/or was directly responsible for the supervision of Plaintiff.  Therefore, he is personally liable for the FLSA violations.

25. Defendant, LYONS was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

26. Plaintiff has retained Bober & Bober, P.A. to represent her in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

27. Plaintiff, THOMAS reallege Paragraphs 1 through 26 as if fully set forth herein.

28. Since Plaintiff's date of hire with Defendants, in addition to Plaintiff's normal regular work week, the Plaintiff worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

29. Plaintiff was entitled to be paid at the rate of time and one-half for her hours worked in excess of the maximum hours provide for in FLSA.

30. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provide for in FLSA.

31. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, THOMAS, intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, she will then seek leave of Court to amend her Complaint for Damages to set forth the precise amount due him.

32. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, THOMAS, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants failed to properly disclose or apprise Plaintiff, THOMAS, of her rights under the FLSA.

33. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, THOMAS, is entitled to liquidated damages pursuant to the FLSA.

34. Due to the willful, malicious and unlawful acts of the Defendants, Plaintiff, THOMAS, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages and her reasonable attorney's fees and costs pursuant to 29 U.S.C. §216

WHEREFORE, Plaintiff, THOMAS respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. §207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)

35. Plaintiff realleges Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. Plaintiff's employment with the Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

37. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

38. Plaintiff was paid below the applicable minimum wage for her work hours. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

39. As a direct and proximate result of Defendant's violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in her favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

f. all other and further relief this Court deems to be just and proper.

## COUNT III

## VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

40. Plaintiff, THOMAS realleges Paragraphs 1 through 26 as if fully stated herein.

41. Pursuant to Article X, Section 24 of the Florida Constitution, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

42. During Plaintiff's employment, Defendants willfully paid her less than the statutory minimum wage for her work hours.

43. The Defendants acted willfully and maliciously in paying Plaintiff below the minimum wage.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b.  Awarding Plaintiff all back wages due and owing;

c.  Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e.  Awarding Plaintiff prejudgment and post-judgment interest;

f.  Finding that Defendants willfully violated Article X Fla. Const., and ordering each Defendant to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

g.  Declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h.  Awarding such other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   June 18, 2019.

>Respectfully submitted,
>BOBER & BOBER, P.A.
>Attorneys for Plaintiff
>2699 Stirling Road, Suite A-304
>Hollywood, Florida 33312
>Telephone: (954) 922-2298
>Facsimile: (954) 922-5455
>peter@boberlaw.com
>samara@boberlaw.com
>
>By: s/. Peter Bober
>PETER J. BOBER
>FBN: 0122955
>SAMARA ROBBINS BOBER
>FBN: 0156248